Good morning, Mayor Police Court. My name is Terry White and I represent Kristen Jones in her appeal of the District Court's decision granting Douglas County's motion to dismiss her failure to hire claim. And that is the only issue we are appealing, the dismissal of the failure to hire. The District Court granted the 12B6 motion despite the fact that all the elements of a prima facie case of failure to hire are alleged in the complaint. According to, and in the appendix at page 10, paragraphs 35 and 36, those elements are all stated. The elements were met and the only elements that are at issue are the fact that Ms. Jones is female. That's not a disputed issue, nothing controversial about that here. The second element, she was qualified for the position. In fact, she had been a Douglas County Deputy Sheriff in the past. She was terminated. And the circumstances around that termination are not on appeal. She applied for a specific position and the District Court had questions about whether in fact she did apply. In fact, I sent a letter to Douglas County Sheriff's Office and requested that she be reinstated to a position that had been opened, was posted and available to the world and other applicants. So it was a specific position she requested reinstatement to as a Deputy Sheriff. She applied. How so? What did she do to apply? Through my letter to... Is there anything beyond just your letter requesting reinstatement? No, Your Honor. And in fact, nothing more was required. No formal application process is necessary, particularly in a reinstatement situation. And that is... You can look at the case of Hotchkiss v. CSK, the Eastern District of Washington, a 2013 case, where there the employee contacted his former supervisors and also human resources. And they said that was sufficient. They knew he was reapplying. And in fact, that's what happened here. Douglas County Sheriff's Office knew she was reapplying because within a week of getting my letter, they sent a letter back saying, nope, we are not going to hire Ms. Jones. Thank you very much. So it was treated as an application. What about the fact that in the actual charge of discrimination and also in the memoranda in the District Court, it's always called a reinstatement? Do you know what I'm referring to when I look at the charge of discrimination? Yes. It says requesting reinstatement. And that is equivalent to a request for employment. Well, you have to be very careful there because you know the statute of limitation cases. So you can't just every six or ten months ask for reinstatement, reinstatement. You get it, repetitively reinstatement. I understand that. And that is what the District Court said, relying on the Collins case, Ninth Circuit case from 1975. And the District Court just lumped together both the request for reinstatement and the prior employment. In your letter, why didn't you just say, I request her appointment to this other job you're talking about instead of reinstatement because all of the history here was involving this earlier episode? Well, Ms. Jones wanted reinstatement. She wanted a variety of things in addition to a job. And I would simply pose that when I apply for a job, for instance, at Hy-Vee and I go in as a clerk applicant and I want $25 an hour, that request for $25 an hour does not negate my application. It simply is a request for pay at a different level than what's available. So it doesn't negate the fact that she wanted back in, that she wanted back on the job. And in the Eighth Circuit, it is very clear that a failure to hire or a failure to reinstate is a separate action, a separate type of discrimination from a discriminatory discharge. And the case, the Eighth Circuit, there's a 2005 case, Al-Zaboudi v. Tech Industries, making that very clear. The district court here absolutely ignored that, lumped them all together, and said this all relates back to her prior employment. From our perspective, the better reasoned case that the district court ignored is Webb v. Indiana National Bank, a 1991 Seventh Circuit case authored by Judge Posner. And Judge Posner, while accepting the basic principle, stated that a history of one type of discrimination does not preclude an applicant or a former employee from alleging a separate and distinct claim of discrimination in the reapplication process. That's our case. That's exactly what we're relying on here. And in the former instance, the allegations of discrimination, and by the former instance I mean Ms. Jones' former employment, that wrongful termination had to do with pregnancy, with the Americans with Disabilities Act, and with medication abuse. Totally and completely distinct from her application, where we allege it is sex discrimination and disparate treatment because she was not hired or reinstated. Say the way they're different again. You just said it, but repeat it for me, please. The way in which the two claims are different. The two claims are absolutely 100% opposite. Tell me how they are. Go ahead. Tell me again. Her former employment over here was based on, and it terminated because she was pregnant, and she was having issues with medications, and it raised claims that would have been brought under the Americans with Disabilities Act. Now, when she requested reinstatement, she applied for a new job that was posted, open to the public for applications. She applied, she was qualified, she was turned down, and the position was filled by a male. That is a separate claim for sex discrimination. Now, on the second one, do you believe you have to plead that the male was similarly situated, similar work history, or something like that? You know our cases that have language like that as an element. Yes, and in this instance, she does not really have that information. So the fact that it was a male satisfies the prima facie elements to go forward. Thank you. In the Fourth Circuit, in the case of EEOC versus Norfolk Police Department. So in every single case, if I apply for a job and they hire, well, if a woman applies for a job and they hire a man, the prima facie case is satisfied? I mean, don't you, isn't there some greater nexus than that required? Yes, I understand that. But I think that even if that wasn't alleged, we should have been allowed to amend to add that rather than dismissing the case. Did you ask for a leave to amend? We did not. Thank you. In that Fourth Circuit case, the Norfolk EEOC versus Norfolk Police Department, the court recognized there in the Fourth Circuit's opinion that Collins, which was relied on by the district court, and its progeny actually do recognize that a refusal to hire is a new act of discrimination. And even under Collins, that that was a viable claim. In this case, as I stated, the original acts of discrimination, and they are referenced in the complaint, have to do with disability, pregnancy, medication abuse. Now, as in the EEOC versus Norfolk case, we have a separate kind and a distinct claim based on sex discrimination. She satisfied the elements for disparate treatment, and she raised a plausible claim for sex discrimination and thus satisfied both Twombly and Iqbal's requirements with respect to a motion to dismiss. If the district court had correctly applied the case law that requires facts alleged on a 12B6 motion to be construed in favor of the plaintiff, we would not be here. If, in fact, the district court had correctly read the case law concerning Collins and Webb, those two acts would have been deemed separate, and the motion to dismiss would have been granted only as to the original claim and not as to the failure to hire. Counsel, you agree that the Nebraska law on your state law claims, if I think you do have state law claims, that it's the same as the federal Title VII. That's correct. Thank you. If the district court had gotten those two analyses correct, we would not be here, and we should not be here. We submit that the district court's opinion should be reversed, and this case should be remanded for further proceedings on the complaint. Thank you. Thank you. Your time is reserved for rebuttal. Mr. Rooney. Thank you, Your Honors. May it please the Court, William Rooney on behalf of Douglas County, Nebraska and the Douglas County Sheriff's Office. Your Honors, this is a very simple case. It's a case of a litigant who missed the statute of limitations and is now trying to revive their claim. But got acquitted in the middle of it, of charges. And as you know, the other circuits are very kind to acquitted police officers on these kind of claims. So how do you address that at a practical level? Judge, in our case here, she was terminated for violating various general orders. First, she was dishonest during the investigation. Second, she failed to advise her commanding officer that she was being investigated by both Iowa State Patrol and Nebraska State Patrol. Now, we're at the motion-dismiss stage, right? Correct. That's on their complaint, right? Correct. So how do we know all this other stuff that you're telling us now? Well, Judge, I guess it was in response to your question. No, I know. So stick to the complaint, kind of. Certainly. What was alleged, and Ms. White in her argument indicated that the circumstances of termination are not on appeal. Your Honor already referenced the charge of discrimination, and I would like to read the very first paragraph in her charge. I am a female and was pregnant. I have a disability, a record of disability, and respondent perceived me disabled. I worked for the respondent beginning June 1, 2013, most recently as a deputy at the Douglas County Sheriff's Department and requested past accommodations. Due to my sex, past pregnancy, disability, record of disability, perceived disability, and in retaliation for accommodation requests, respondent failed to reinstate me. What we are talking about here, the facts at issue that have been raised by the plaintiff, are the exact facts that would be at issue in a wrongful termination lawsuit. And what the appellant has essentially argued is that, in fact, what we have is this is just a failure to hire claim, and that while the facts may be similar, it's being brought on a gender discrimination basis, and that language explains it. And so it's not the same claim, but a different claim. And, of course, your argument hinges on the idea that, well, no, the request to reinstate is nothing but an attempt to revive the statute of limitations, right? And so why are you right, and why is she wrong? Judge, as you pointed out, I think, in your question, there are no new facts. There's no new pretense asserted here. And bare assertion is not enough to overcome a motion to dismiss. I wish I could use up all the time I've been given here, but this is a simple case. And simply by picking up the phone and calling, asking, am I still fired, you can't restart anew the statute of limitations. Allowing a litigant to do that would write the statute of limitations out of law, would render it completely useless. If you have no other questions. But you do read 35 back to the complaint. Certainly. You do read 35 to say you have to read it backwards, but it does say I'll put her first person. I applied for an open deputy sheriff's position, right? Correct. Okay. And through and taking into the other, when you look at the charge of discrimination and what is specifically alleged, along with the letter, which was attached to the complaint and in the record, as was addressed in appellant's argument, she never reapplied for employment. It was a demand letter from an attorney asking her to be reinstated and for back pay. As a political subdivision, and I'm sure all of you can understand in a law enforcement position, these jobs are posted and hundreds of people apply. She still has the right. She did then to reapply for employment. She did not apply for employment at that time.  We would ask that you reaffirm that you affirm the district court's dismissal. And with that, thank you very much for your time. I do appreciate it. Thank you. Seeing no other questions. Ms. White, we're back to you. I'll address these in reverse order. The letter I sent at my client's request was not a demand letter. It was in response to a specific job opening. And had it been a, quote, unquote, demand letter, it would have gone to counsel for the public entity, not to the employee or the Douglas County Sheriff's Office. By the way, that letter's not in the record, is it? I do not believe so. No, and it's not the complaint, so it's fine. Go ahead. But the demand letter, or the demand letter, I don't want to call it that. The application letter. The application letter. We'll call it your letter. We'll call it your letter. Whatever you want to call it, I'm fine with. But that letter does, in fact, have conditions additional to I would like this job on the terms posted, right? That's correct. And is that of significance in your opinion? No, it is not. Why not? Because those demands or those requests do not negate the fact of she applied, she requested the reinstatement. That was my example earlier. For instance, if a law clerk comes into my office and wants a job and they want to be paid $75 an hour, well, yes, they apply, but they're only going to get paid maybe $35 an hour. So that doesn't negate the fact that that individual actually applied. And, in fact, Douglas County treated it as an application. They assumed that it was an application because they sent a refusal letter back and said, no, we're not going to hire her. And I simply would note that with respect to the claims that this all goes back to her former employment, Ms. Jones is allowed to plead in the alternative, and that is precisely what this included. She alleged items relating to her former employment, but those claims were never investigated and they really were not at issue when you look at the specific facts alleged in the charge of discrimination. Those all have to do with the refusal to hire. And that charge of discrimination based on the refusal to hire was well within the 300 days allowed for making such a claim. This was not a blanket request from a former employee, please hire me for any job that you have. It's not one of those that was only done to extend the statute of limitations. It was a request for a specific job that was posted open to the public, and it was the only time she did apply. If you don't have any other questions? Seeing none, thank you for your argument. Thank you. And case number 17-3196 is submitted for decision by the court.